## IN THE CIRCUIT COURT OF MARYLAND FOR WICOMICO COUNTY
## CIVIL DIVISION

COCKEY,
BRENNAN &
MALONEY, P.C.

ATTORNEYS &
COUNSELORS AT LAW

513 LEMMON HILL LANE
SALISBURY, MD 21801
410.546.1750
FAX: 410.546.1811

AUSTIN MORALES,                                  *
25585 Willow Bend
Lake Forest, California 92630                    *

PATRICK O'HARA,                                  *
640 Owl Ct.
Arnold, Maryland  21012                          *

     Plaintiffs,                                *

v.                                               *        Case No. 22-C-14-810

SALISBURY UNIVERSITY ,                           *
1101 Camden Avenue
Salisbury, Maryland  21801                       *
**Serve:**
    The Honorable Douglas F. Gansler             *
    Attorney General
    200 St. Paul Place                           *
    Baltimore, MD 21202
                                                 *

TERESA ROGERS,                                   *
104 Onley Road
Apt. 244                                         *
Salisbury, Maryland  21804
                                                 *

KRISTA MOHLHENRICH                               *
104 Onley Road
Apt. 244                                         *
Salisbury, Maryland  21804

CLAIRE SCHROYER                                  *
104 Onley Road
Apt. 244                                         *
Salisbury, Maryland  21804
                                                 *

     Defendants.
                                                 *

---

## AMENDED COMPLAINT

COCKEY,
BRENNAN &
MALONEY, P.C.

ATTORNEYS &
COUNSELORS AT LAW

313 LEMMON HILL LANE
SALISBURY, MD 21801
410.546.1750
FAX: 410.546.1811

## The Parties

COMES NOW the Plaintiffs, Austin Morales, ("Morales") and Patrick O'Hara ("O'Hara") (Morales and O'Hara collectively referred to as ("Plaintiffs"), by and through counsel, Laura E. Hay and Thomas J. Maloney of Cockey, Brennan & Maloney, P.C. , and Eric Rosenberg of Rosenberg & Ball Co. LPA and sues the Defendants, Salisbury University, Teresa Rogers, Krista Mohlhenrich and Claire Schroyer and states as follows:

1. Morales was a student at Salisbury University ("SU") and currently resides at  25585 Willow Bend , Lake Forest, California 92630.

2. O'Hara was a student at Salisbury University ("SU") and currently resides at 640 Owl Court, Arnold, Maryland  21012.

3. Defendant Teresa Rogers ("Rogers") is a student at SU currently residing at 104 Onley Road, Apt. 244, Salisbury MD 21801.

4. Defendant Krista Mohlhenrich ("Mohlhenrich") is a student at SU currently residing at 104 Onley Road, Apt. 244, Salisbury MD 21801.

5. Defendant Claire Schroyer ("Defendant Schroyer") is a student at SU currently residing at 104 Onley Road, Apt. 244, Salisbury MD 21801.

6. Defendant SU is a member of the University System of Maryland engaging in the business of providing education in the State of Maryland.

## Facts Common to All Counts

7. The following relevant individuals are SU employees whose actions are addressed below:

COCKEY,
BRENNAN &
MALONEY, P.C.

ATTORNEYS &
COUNSELORS AT LAW

313 LEMMON HILL LANE
SALISBURY, MD 21801
410.546.1750
FAX: 410.546.1811

a.  Humberto Aristizabal ("Aristizabalis") is SU's Director of Fair Practices & EEO/AA (and) pursuant to SU's Code of Conduct's Sexual Harassment Policy ("The Policy") is SU's Fair Practices Officer/Title IX Coordinator ("FPO");

b.  Valerie Randall-Lee ("Lee")  is SU Assistant V.P. of Student Affairs/Dean of Students (and) pursuant to The Policy SU's Deputy Title IX Coordinators;

c.  Mentha Hynes-Wilson ("Hynes-Wilson") is SU's Associate Vice President of Student Affairs;

d.  Helena Hill ("Hill") is SU's Student Conduct Administrator; and

e.  Brian Lind ("Lind") is SU's GUC Facilities Coordinator.

8.  On or about October 5, 2013, Rogers, Mohlhenrich, and Schroyer attended an off-campus party at the residence of SU students ("Party").

9.  Hill completed an investigative report regarding events that occurred at the Party . *See* **Exhibit A** attached hereto and made a part hereof.)

10. Upon information and belief, on or about, the early morning hours of October 6, 2013, Rogers filed a complaint with the Wicomico County Sheriff's Office alleging Plaintiffs sexually assaulted Rogers at the Party.

11. Upon information and belief, Rogers published written and/or oral statements to third-parties alleging Plaintiffs - sexually assaulted Rogers at the Party ("Roger's Assault Allegations").

12. Rogers knew, or should have Roger's Assault Allegations were false.

13. On or about the early morning hours of October 6, 2013, the Wicomico County Sheriff's Office dispatched Sheriffs to the Party's location, interviewed witnesses, and conducted an investigation of premises.

COCKEY,
BRENNAN &
MALONEY, P.C.

ATTORNEYS &
COUNSELORS AT LAW

313 LEMMON HILL LANE
SALISBURY, MD 21801
410.546.1750
FAX: 410.546.1811

14. Upon information and belief, on or about, the early morning hours of October 7, 2013, medical tests were administered on Rogers and these tests failed to establish any evidence of sexual assault.

15. On or about October 7, 2013, Rogers sent Morales the following text message:

> Hey Austin, I know I'm probably the last person you want to hear from right now but I really need to say something. I just got back from the Sheriff's office. I completely understand you don't give two shits about what I have to say or don't believe me at all. *I have no idea what happened. The last thing I remember from last night is kissing you on the stoop. The next thing after that that [sic] I remember is sitting on Ryan's floor hysterically crying and being walked to the cop car. All I know is that the girl that was at the party was not me. This thing is being blown really out of proportion. I feel awful for you and your friends and I completely understand if you hate me and never want to see me again. I just wanted to make things right*. Also, I know that the detective told you not to contact me but he's the one that told me I should contact you and let you know. (emphasis added). *Attached as **Exhibit B**.*

16. On or about October 7, 2014, SU launched an investigation into whether Plaintiffs violated The Policy and/or other SU policies and/or procedures (the Policy and/or other SU policies and/or procedures collectively referred to as ("SU Policies"))

17. SU's Community Board ("Board") heard allegations regarding Plaintiffs on or about January 31, 2014 ("Board Hearing").

18. During the Board Hearing, Plaintiffs were placed behind a dividing wall that prohibited them from seeing any witnesses.

19. Upon information and belief, SU possesses an audio recording of the Board Hearing ("Audio Transcript").

20. Upon information and belief, the Audio Transcript establishes Rogers presented no testimony at the Board Hearing.

21. The Audio Transcript establishes Plaintiffs were prohibited from asking many critical questions of witnesses that would have established their innocence.

COCKEY,
BRENNAN &
MALONEY, P.C.

ATTORNEYS &
COUNSELORS AT LAW

313 LEMMON HILL LANE
SALISBURY, MD 21801
410.546.1750
FAX: 410.546.1811

22.   The Audio Transcript includes testimony by Plaintiffs and other witnesses that Rogers initiated any and all physical contact with Plaintiffs and other males at the Party.

23.   The Audio Transcript establishes no eye-witness testimony suggesting anyone but Rogers was responsible for initiating physical contact with Plaintiffs and other males at the Party.

24.   The Audio Transcript establishes no eye-witness testimony from any individual suggesting Rogers was sexually assaulted at the Party.

25.   Upon information and belief, the Audio Transcript contains Mohlhenrich and Schroyer's untrue statements that Plaintiffs sexually assaulted Rogers at the Party.

26.   Upon information and belief, Schroyer made written and/or oral statements to the Board, SU, and other unnamed third-parties alleging Plaintiffs sexually assaulting Rogers at the Party *("Schroyer's Assault Allegations")*.

27.   Schroyer knew, or should have known, Schroyer's Assault Allegations were false.

28.   Upon information and belief, Mohlhenrich made written and/or oral statements to the Board, SU, and other unnamed third-parties alleging that Plaintiffs sexually assaulted Rogers at the Party. *("Mohlhenrich's Assault Allegations")*.

29.   Mohlhenrich knew, or should have known, Mohlhenrich's Assault Allegations were false.

30.   Upon information and belief, SU employees, including but not limited to, Lee and Hill, made written and/or oral statements to the Board and other unnamed third-parties alleging  Plaintiffs sexually assaulted Rogers at the Party *("SU Employee's Assault Allegations")*.

COCKEY,
BRENNAN &
MALONEY, P.C.

ATTORNEYS &
COUNSELORS AT LAW

313 LEMMON HILL LANE
SALISBURY, MD 21801
410.546.1750
FAX: 410.546.1811

31.   SU employees knew, or should have SU Employee's Assault Allegations were false and had no reasonable basis in fact.

32.   On or about February 6, 2014, Lind notified Plaintiffs of the Board's findings and decision to discipline Plaintiffs for allegedly engaging in non-consensual contact with Rogers.

33.   Section III(a) The Policy defines "Sexual Harassment" as follows: "*non-consensual, unwelcome* sexual behavior whether between people of the same or different genders or sexual orientation." (emphasis added).

34.   Section III(f) of The Policy defines "consent" as   "*active words or actions that create mutually understood and voluntary permission* . . . [c]onsent is attained neither with use of physical force, threats or coercion, *nor when a victim* is incapable of giving consent due to mental or physical incapacitation due to, for example, excessive alcohol, drugs, lack of consciousness or mental disability." (emphasis added).

35.   Pursuant to The Policy Section III(a) and III(f), the *recipient* of a request for sexual contact is the "victim" and that "victim" need not determine whether the person requesting for sexual contact is too intoxicated to consent to the contact he/she is requesting.

36.   Plaintiffs' advisor at the Board Hearing was SU's Managing Director For The Center For Conflict Resolution, Professor Rob LaChance ("LaChance").

37.   In response to the Board's findings and discipline of of Plaintiffs, LaChance wrote a letter which states in part:

> ". . . .It became clear during the hearing that the investigator didn't attempt to clarify what each of the witnesses meant by the term 'drunk'.  In fact one of the witnesses suggested that the investigator asked a leading question where she used the term drunk without clarifying what she meant. *During the*

COCKEY,
BRENNAN &
MALONEY, P.C.

ATTORNEYS &
COUNSELORS AT LAW

313 LEMMON HILL LANE
SALISBURY, MD 21801
410.546.1750
FAX: 410.546.1811

*hearing it became clear that each of the witnesses only meant that the student in question was drinking, but was not showing signs of being intoxicated to the extent that a rational person would think she couldn't consent.* In fact each of the witness described that the alleged *victim was able to hold conversations (without slurring her words); at no point did she exhibit any issues related to balance or coordination that would be typical of someone in an intoxicated state; and was able to participate in a number of provocative dance moves that would be difficult to complete if she was intoxicated to the extent that was concluded though the investigator's report*; in fact *it was reported that the room that the incident allegedly took place in requires a fair amount of coordination to get to because the stairs are extremely high and narrow. Navigating these stairs would be something that can be difficult for sober individuals to do, let alone someone that was deemed by the investigator's report to be intoxicated beyond the ability to provide consent.*"

"In addition to drawing conclusions from misused terminology, *the testimony of witness for the investigator seemed to indicate even the alleged victim's friends didn't believe she was intoxicated*. Specifically they spoke of pulling her aside about 30-45 minutes before the alleged incident to speak to her about the way that she was dancing, and *after speaking with her they were convinced that she was well enough to not only be let back into the party, but well enough that no one even thought to keep an eye on their friend.* They even eventually left her at the party to attend another student party. *Logic would dictate that if her friends had believed her to be so intoxicated as to not be able to give consent, they would have stayed together.*"

"*The final piece that calls into question the decision of the board and the investigator was that the alleged victim didn't participate beyond the initial investigation. When the accused students attempted to ask the investigator about the alleged victim's cooperation in the investigation, the investigator was evasive in her responses and did not establish a timeline with regard to when she stopped participating in the process, or why she may have chosen to stop participating.*"

From the testimony I observed, I am not sure how the committee was able to conclude that the accused students had reason to believe the alleged victim was so intoxicated as to not be able to give consent. *From the testimony I observed, I don't believe there was enough evidence to support anything more than kissing took place. I certainly didn't hear evidence to support a conclusion that fondling took place.* Finally I was shocked to hear that the accused students essentially received a two semester ban from classes at Salisbury, given how little was actually established via the testimony in the hearing. *Attached as **Exhibit C**.*

COCKEY,
BRENNAN &
MALONEY, P.C.

ATTORNEYS &
COUNSELORS AT LAW

313 LEMMON HILL LANE
SALISBURY, MD 21801
410.546.1750
FAX: 410.546.1811

38.   On or about February 18, 2014, Morales filed an appeal of the Board's findings and suspension ("Morales' Appeal").

39.   On or about February 19, 2014, O'Hara filed an appeal of the Board's findings and proposed discipline ("O'Hara Appeal").

40.   Hynes-Wilson rejected Morales' Appeal on or about March 5, 2014.

41.   Hynes-Wilson rejected O'Hara's Appeal on or about March 5, 2014.

## Count I
## Defamation Per Se by Defendant Rogers

42.   Plaintiffs reallege and incorporate all the allegations contained in preceding paragraphs of this Complaint as though fully rewritten herein.

43.   Rogers orally and in writing published Roger's false Assault Allegations to SU and other third-parties who reasonably understood this oral and written publication to be defamatory.

44.   Rogers' Assault Allegations were made with the intent to be understood by those that read the allegations that Plaintiffs committed an offense involving moral turpitude that subjects Plaintiffs to potential infamous punishment and therefore imputes the defamatory character of the oral and written statements.

45.   Rogers' Assault Allegations were false and defamatory and were made with actual malice and/or reckless disregard for the truth or falsity of the oral and/or written statements.

46.   In the alternative, Rogers negligently made the aforementioned false and defamatory statements about Plaintiffs.

COCKEY,
BRENNAN &
MALONEY, P.C.

ATTORNEYS &
COUNSELORS AT LAW

313 LEMMON HILL LANE
SALISBURY, MD 21801
410.546.1750
FAX: 410.546.1811

47.  Rogers acted with the knowledge of the falsity of the published statements and with the intent to harm Plaintiffs' standing with SU, their future educational and employment opportunities and their standing and reputation in the SU and surrounding community.

48.  As a direct result of the oral and written publication of the defamatory statements by Rogers, the character and reputation of Plaintiffs at SU and in the community was impaired and they suffered and continue to suffer mental anguish, personal humiliation, and a great loss of reputation.

49.  As a further direct and proximate cause of the oral and written defamatory statements published by Rogers, Plaintiffs were disciplined by SU, which has resulted in, among other consequences and damages, difficulty in gaining entrance to another university comparable to SU, reduced future earning capacity, lost tuition payments and attorneys' fees.

WHEREFORE, Plaintiffs, demand compensatory damages against the Defendant Teresa Rogers in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), punitive damages, attorney fees, interest and costs

## Count II
### Defamation Per Se by Defendant Mohlhenrich

50.  Plaintiffs reallege and incorporate all the allegations contained in preceding paragraphs of this Complaint as though fully rewritten herein.

51.  Mohlhenrich orally and in writing published Mohlhenrich's false Assault Allegations to SU and other third-parties who reasonably understood this oral and written publication to be defamatory.

52.  Mohlhenrich's Assault Allegations were made with the intent to be understood by those that read the allegations that Plaintiffs committed an offense involving moral turpitude

COCKEY,
BRENNAN &
MALONEY, P.C.

ATTORNEYS &
COUNSELORS AT LAW

313 LEMMON HILL LANE
SALISBURY, MD 21801
410.546.1750
FAX: 410.546.1811

that subjects Plaintiffs to potential infamous punishment and therefore imputes the defamatory character of the oral and written statements.

53. Mohlhenrich's Assault Allegations were false and defamatory and were made with actual malice and/or reckless disregard for the truth or falsity of the oral and/or written statements.

54. In the alternative, Mohlhenrich negligently made the aforementioned false and defamatory statements about Plaintiffs.

55. Mohlhenrich acted with the knowledge of the falsity of the published statements and with the intent to harm Plaintiffs' standing with SU, their future educational and employment opportunities and their standing and reputation in the SU and surrounding community.

56. As a direct result of the oral and written publication of the defamatory statements by Mohlhenrich, the character and reputation of Plaintiffs at SU and in the community was impaired and they suffered and continue to suffer mental anguish, personal humiliation, and a great loss of reputation.

57. As a further direct and proximate cause of the oral and written defamatory statements published by Mohlhenrich, Plaintiffs were disciplined by SU, which has resulted in, among other consequences and damages, difficulty in gaining entrance to another university comparable to SU, reduced future earning capacity, lost tuition payments and attorneys' fees.

WHEREFORE, Plaintiffs, demand compensatory damages against the Defendant, Krista Mohlhenrich, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), punitive damages, attorney fees, interest and costs

COCKEY,
BRENNAN &
MALONEY, P.C.

ATTORNEYS &
COUNSELORS AT LAW

313 LEMMON HILL LANE
SALISBURY, MD 21801
410.546.1750
FAX: 410.546.1811

**Count III**
**Defamation Per Se by Defendant Schroyer**

58.  Plaintiffs reallege and incorporate all the allegations contained in preceding paragraphs of this Complaint as though fully rewritten herein.

59.  Schroyer orally and in writing published Schroyer's false Assault Allegations to SU and other third-parties who reasonably understood this oral and written publication to be defamatory.

60.  Schroyer's Assault Allegations were made with the intent to be understood by those that read the allegations that Plaintiffs committed an offense involving moral turpitude that subjects Plaintiffs to potential infamous punishment and therefore imputes the defamatory character of the oral and written statements.

61.  Schroyer's Assault Allegations were false and defamatory and were made with actual malice and/or reckless disregard for the truth or falsity of the oral and/or written statements.

62.  In the alternative, Schroyer negligently made the aforementioned false and defamatory statements about Plaintiffs.

63.  Schroyer acted with the knowledge of the falsity of the published statements and with the intent to harm Plaintiffs' standing with SU, their future educational and employment opportunities and their standing and reputation in the SU and surrounding community.

64.  As a direct result of the oral and written publication of the defamatory statements by Schroyer, the character and reputation of Plaintiffs at SU and in the community was

COCKEY,
BRENNAN &
MALONEY, P.C.

ATTORNEYS &
COUNSELORS AT LAW

313 LEMMON HILL LANE
SALISBURY, MD 21801
410.546.1750
FAX: 410.546.1811

impaired and they suffered and continue to suffer mental anguish, personal humiliation, and a great loss of reputation.

65.   As a further direct and proximate cause of the oral and written defamatory statements published by Schroyer, Plaintiffs were disciplined by SU, which has resulted in, among other consequences and damages, difficulty in gaining entrance to another university comparable to SU, reduced future earning capacity, lost tuition payments and attorneys' fees.

WHEREFORE, Plaintiffs, demand compensatory damages against Defendant, Claire Schroyer, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), punitive damages, attorney fees, interest and costs.

## Count IV
## Civil Conspiracy by Defendants Rogers, Mohlhenrich and/or Schroyer

66.   Plaintiffs reallege and incorporate all the allegations contained in preceding paragraphs of this Complaint as though fully rewritten herein.

67.   Upon information and belief, Rogers, Mohlhenrich, and/or Schroyer, acted jointly with malice to formulate the knowingly false statements against Plaintiffs which include, but are not limited to: SU Employee's Assault Allegations, Rogers' Assault Allegations, Mohlhenrich's Assault Allegations and/or Schroyer's Assault Allegations.

68.   Upon information and belief, Rogers, Mohlhenrich, and/or Schroyer acted with malice to present the Hearing Board with knowingly false and defamatory statements about Plaintiffs.

69.   In engaging in the conduct in described above, Rogers, Mohlhenrich, and/or Schroyer, knew that by engaging in the civil conspiracy to defame Plaintiffs, that as a direct and proximate result of the conspiracy and subsequent defamatory actions, Plaintiffs could

COCKEY,
BRENNAN &
MALONEY, P.C.


ATTORNEYS &
COUNSELORS AT LAW




313 LEMMON HILL LANE
SALISBURY, MD 21801
410.546.1750
FAX: 410.546.1811

be subject to potential infamous punishment, hatred, contempt, ridicule, mental anguish, and/or humiliation and would further cause Plaintiffs to be disciplined by SU which would result in, among other things, difficulty in gaining entrance to another university comparable to SU, reduced future earning capacity, lost tuition payments and attorney fees.

WHEREFORE, - Plaintiffs demand compensatory damages against Defendants, Teresa Rogers, Krista Mohlhenrich and/or Claire Schroyer in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), punitive damages, attorneys' fees, interest and costs.

### Count V
### Intentional Infliction of Emotional Distress by Defendants Rogers, Mohlhenrich and/or Schroyer

70.     Plaintiffs reallege and incorporate all the allegations contained in preceding paragraphs of this Complaint as though fully rewritten herein.

71.     Plaintiffs alleges upon information and belief that Rogers, Mohlhenrich, and/or Schroyer intentionally or recklessly formulated false statements against Plaintiffs which include, but are not limited to:  SU Employee's Assault Statements, Rogers' Assault Allegations, Mohlhenrich's Assault Allegations and/or Schroyer's Assault Allegations.

72.     Upon information and belief, Rogers, Mohlhenrich, and/or Schroyer intentionally or recklessly presented the Hearing Board with knowingly false and defamatory statements about Plaintiffs.

73.     When Rogers, Mohlhenrich, and/or Schroyer engaged in the conduct detailed above, Rogers, Mohlhenrich, and/or Schroyer knew or should have known their actions would cause serious emotional injury to Plaintiffs.

COCKEY,
BRENNAN &
MALONEY, P.C.

ATTORNEYS &
COUNSELORS AT LAW

313 LEMMON HILL LANE
SALISBURY, MD 21801
410.546.1750
FAX: 410.546.1811

74.   The conduct of the Defendants, Rogers, Mohlhenrich, and Schroyer was intentional, reckless, and in deliberate disregard of the high degree of probability that Plaintiffs would suffer immediate and continuing emotional distress.

75.   Rogers, Mohlhenrich, and/or Schroyer's conduct detailed above caused Plaintiffs to suffer psychological and mental anguish.

76.   The conduct of Rogers, Mohlhenrich, and Schroyer was malicious, willful and intentional.

77.   As a direct and proximate result of the aforesaid conduct by Rogers, Mohlhenrich, and Schroyer, Plaintiffs have suffered and will continue to suffer, severe and extreme emotional distress.

WHEREFORE, - Plaintiffs, demand compensatory damages against Defendants, Teresa Rogers, Krista Mohlhenrich and/or Claire Schroyer in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), punitive damages, attorneys' fees, interest and costs.

### Count VI
### Breach of Express Contract by Defendant SU

78.   Plaintiffs reallege and incorporate all the allegations contained in preceding paragraphs of this Complaint as though fully rewritten herein.

79.   Plaintiffs allege SU Policies and/or other institutional documents SU provided to Plaintiffs create an express contract between Plaintiffs and SU. In order to gain admittance to SU, Plaintiffs were required to agree in writing to be bound in the terms of SU Policies, thereby creating a contract in writing.

80.   Plaintiffs performed all conditions of said contract(s) required to be performed by him.

COCKEY,
BRENNAN &
MALONEY, P.C.

ATTORNEYS &
COUNSELORS AT LAW

313 LEMMON HILL LANE
SALISBURY, MD 21801
410.546.1750
FAX: 410.546.1811

81.    SU breached said contract(s) by, among other things, violating SU Policies provisions as described above.

WHEREFORE, Plaintiffs demand judgment and relief against Defendant, Salisbury University, as follows:

A.    Damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) to compensate Plaintiffs past and future pecuniary damages caused by SU's conduct.

B.    That SU reinstates Morales, awards O'Hara his diploma, and immediately remove all suspensions and/or disciplinary notations from Plaintiffs' SU student records.

C.    For such other and further relief that Plaintiffs may be entitled to at law or equity, and costs and attorneys' fees of this action.

## Count VII
## Promissory Estoppel Against Defendant SU

82.    Plaintiffs reallege and incorporate all the allegations contained in preceding paragraphs of this Complaint as though fully rewritten herein.

83.    Plaintiffs allege SU Policies that SU provided to Plaintiffs created a promise which SU should reasonably expect to induce action or forbearance on the part of Plaintiffs.

84.    Plaintiffs acted in action and forbearance said policies and procedures.

85.    SU breached its promises under SU Policies, by among other things, taking the disciplinary action described above.

86.    Injustice can be avoided only by enforcement of SU's promise to Plaintiffs to honor said policies and procedures.

WHEREFORE, Plaintiffs, demand judgment and relief against Defendant, Salisbury University, as follows:

COCKEY,
BRENNAN &
MALONEY, P.C.

ATTORNEYS &
COUNSELORS AT LAW

313 LEMMON HILL LANE
SALISBURY, MD 21801
410.546.1750
FAX: 410.546.1811

A.      Damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) to compensate Plaintiffs past and future pecuniary damages caused by SU's conduct.

B.      That SU reinstates Morales, awards O'Hara his diploma, and immediately removes all suspensions and/or disciplinary notations from Plaintiffs' SU student records.

C.      For such other and further relief that Plaintiffs may be entitled to at law or equity, and costs and attorneys' fees of this action.

Respectfully Submitted,

Thomas J. Maloney, Esquire
Laura Evelyn Hay, Esquire
Cockey, Brennan & Maloney PC
313 Lemmon Hill Lane
Salisbury, Maryland 21801
Phone: 410.546.1750
Fax: 410.546.1811

Eric Rosenberg, Esquire
Rosenberg & Ball Co. LPA
395 North Pearl Street
Granville, Ohio 43023
Phone: 888.680.6797
Fax 866.498.0811 fax

## JURY DEMAND

Plaintiffs hereby demand a trial by a jury in this matter.

Laura E. Hay

**IN THE CIRCUIT COURT OF MARYLAND FOR WICOMICO COUNTY**
**CIVIL DIVISION**

COCKEY,
BRENNAN &
MALONEY, P.C.

AUSTIN MORALES, *et al.*           *

    Plaintiff,                  *

ATTORNEYS &
COUNSELORS AT LAW

v.                        *      Case No. 22-C-14-810

TERESA ROGERS, *et al.*          *

    Defendants.           *

13 LEMMON HILL LANE

SALISBURY, MD 21801

410.546.1750

FAX: 410.546.1811

## <u>LINE</u>

Dear Mr. Clerk:

    Enclosed please find an Amended Complaint for the above-captioned matter, as well as a comparison copy of the Amended Complaint. Please issue a summons for the new Plaintiff at the following address and return same to my attention for service by private process.

        Salisbury University
        1101 Camden Avenue
        Salisbury, Maryland  21801
        **Serve:**
            The Honorable Douglas F. Gansler
            Attorney General
            200 St. Paul Place
            Baltimore, MD 21202

                    Thomas J. Maloney, Esquire
                    Laura Evelyn Hay, Esquire
                    Cockey, Brennan & Maloney PC
                    313 Lemmon Hill Lane
                    Salisbury, Maryland 21801
                    Phone: 410.546.1750
                    Fax: 410.546.1811

COCKEY,
BRENNAN &
MALONEY, P.C.

ATTORNEYS &
COUNSELORS AT LAW

13 LEMMON HILL LANE
SALISBURY, MD 21801
410.546.1750
FAX: 410.546.1811

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 3rd day of October 2014, an exact copy of forgoing Line, Amended Complaint and comparison copy were sent by regular U.S. Mail, first class postage prepaid, to:

John P. Isacson
Perkins Coie LLP
700 13th Street, NW
Suite 600
Washington DC 20005-3960
Attorney for Defendant Krista Mohlhenrich

Jennifer M. Sullam
Mark Stiller
Niles, Barton & Wilmer, LLP
111 South Calvert Street, Suite 1400
Baltimore, Maryland 21202
Attorney for Defendant Claire Schroyer

Jabeen Reza, Esq
PO Box 8782
Silver Spring, MD 20907

Eric Rosenberg, Esq.
Rosenberg & Ball Co. LPA
395 North Pearl Street
Granville, Ohio 43023

_____
LAURA E. HAY

## CERTIFICATE REGARDING PERSONAL IDENTIFIER INFORMATION
## NONELECTRONIC
Rule 1-322.2(a)(1)

In accordance with Maryland Rule 1-322.2(a)(1), I certify that the documents in the attached submission do not contain any personal identifier information described in Maryland Rule 1-322.1(b).

_____
LAURA E. HAY, ESQUIRE
Cockey, Brennan & Maloney, P.C.
313 Lemmon Hill Lane, Salisbury, MD  21801
Telephone: 410-546-1750
Fax: 410-546-1811
Email: Hay@cbmlawfirm.com